Olivia Sanders SBN 208266
Law Offices of Olivia Sanders
400 Corporate Pointe, Suite 560
Culver City, CA 90230
(310) 641-9001; (310) 641-9007 (Facsimile)
Email: sanderslaw@sbcglobal.net

Attorney for Plaintiff
ARLENE BARAKONSKI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE BARAKONSKI;<br><br>            Plaintiff;<br>   vs.<br><br>LIBERTY MUTUAL INSURANCE, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, as PLAN ADMINISTRATOR; NBCUNIVERSAL INC.; NBCUNIVERSAL GROUP BENEFIT PROGRAM; and DOES 1 through 10, inclusive;<br><br>            Defendants. | Case No.:<br><br>PLAINTIFF ARLENE BARAKONSKI'S COMPLAINT FOR:<br><br>1. Recovery of Employee Retirement Income Security Act of 1974 (ERISA) Plan Benefits;<br>2. Enforcement and Clarification of Rights;<br>3. Pre-Judgment and Post-Judgment Interest and Attorneys' Fees.<br><br>DEMAND FOR JURY TRIAL<br>[Filed concurrently with Civil Case Cover Sheet and Certificate and Notice of Interested Parties] |

PLAINTIFF, ARLENE BARAKONSKI, alleges:

## INTRODUCTION

1.      Plaintiff ARLENE BARAKONSKI ("Barakonski" or "Plaintiff")

**COMPLAINT FOR DAMAGES; DECLARATORY RELIEF; JURY TRIAL DEMAND**
Barakonski v. Liberty Mutual, et. al.

brings this action for violations of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (hereinafter "ERISA"). Specifically, Plaintiff alleges that Defendant LIBERTY MUTUAL INSURANCE, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON (hereinafter "Liberty"), as Plan Administrator of NBCUNIVERSAL's Group Benefit Plan (hereinafter "the Plan"), acting by itself or through its agents, violated certain provisions of ERISA by refusing to provide coverage under the disability benefits provision in accordance with the Plan document.

2. Plaintiff is also known as Arlene Bogna-Ferranti.

3. Plaintiff also asserts the same violations described in ¶ 1 against Defendant NBCUNIVERSAL, INC. (hereinafter "NBC") to the extent Defendant NBCUNIVERSAL acted in an administrative capacity, by or through its agents.

4. Plaintiff further alleges that she is entitled to the recovery of benefits while a participant in Defendant NBC'S Group Benefit Plan, and asserts that the Plan is liable for the payment of unpaid benefits, pursuant to Section 502(a)(1)(B) of ERISA.

5. This complaint is based the denial of long-term disability benefits in spite of medical evidence which substantiates her qualifications for those benefits. Barakonski seeks to recover benefits due under the policy, and to recover attorneys' fees and costs as provided by ERISA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of the subject matter of this action pursuant to 29 U.S.C. § 1132(f) in that Plaintiff brings this action pursuant to and in accordance with Sections 502(a)(1)(B), 502(c)(1) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), 1132(c)(1) and 1132(a)(3), respectively.

7. This Court has jurisdiction in that Plaintiff brings this action pursuant to 28 U.S.C. § 1331 and the Constitution of the United States.

8. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C.

**COMPLAINT FOR DAMAGES; DECLARATORY RELIEF; JURY TRIAL DEMAND**
Barakonski v. Liberty Mutual, et. al.

§§ 2201 and 2202.

9.  This Claim properly lies in the Central District of California, pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and the Court may find Defendants and Plaintiff in this judicial district.

10. Venue of this action is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Court may find Defendants within this District and Division. Also, this Claim, as herein alleged, arises from the violations that occurred in this judicial district. Defendants transact business and this Court may find such Defendants in this judicial district. Therefore, venue is proper under 29 U.S.C. § 1132(e)(2).

## PARTIES

11. Plaintiff, ARLENE BARAKONSKI was at all relevant times an employee of Defendant NBCUNIVERSAL. Plaintiff is, and at all relevant times was, a participant in the group benefit plan sponsored by Defendant NBC. Plaintiff resides in Los Angeles County, Los Angeles, California.

12. Defendants:

(a) Defendant, LIBERTY MUTUAL INSURANCE, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, ("Liberty") is and was the Plan Administrator of the NBCUniversal Company Group Benefit Plan during all relevant times mentioned herein. Defendant Liberty meets the definition of "administrator" as that term is defined under Section 3(16)(A)(i) of ERISA, 29 U.S.C. § 1002(16)(A)(i). That policy and the Plan promised to pay disability benefits to Plaintiff should she become disabled. Liberty acted as a claims administrator and as an ERISA claims fiduciary of the Plan.

(b) Defendant NBC, at all times herein mentioned, was the "plan sponsor" of the NBCUniversal Benefit Plan as that term is defined under Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). Defendant

- 3 -

**COMPLAINT FOR DAMAGES; DECLARATORY RELIEF; JURY TRIAL DEMAND**
Barakonski v. Liberty Mutual, et. al.

NBCUniversal's Group Benefit Plan ("the Plan"), at all times herein mentioned, is a group benefit plan in which Plaintiff participated.

(c) The true names and capacities of defendants sued as DOES 1 through 10, inclusive, are presently unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that each such defendant is in some way responsible and liable for the events or happenings alleged in this Complaint. Does 1 through 10 are sued as principals and/or agents, servants, attorneys, and employees of such principals, and all acts performed by them were within the course and scope of their authority and employment. Plaintiff will ask leave of the Court to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is legally responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages and injuries as herein alleged were proximately caused by the aforementioned defendants.

13. Secretary of Labor and the Secretary of Treasury: Although not parties to this Complaint, the Secretary of Labor and the Secretary of Treasury are being served with a copy of this Complaint as required under Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

## BACKGROUND

14. Plaintiff was a "participant" of the Plan as that term is defined under Section 3(7) of ERISA, 29 U.S.C. § 1002(7), pursuant to which she received medical coverage.

15. Under the Plan, Plaintiff was a "covered employee" as that term is defined in Section 607(2) of ERISA, 29 U.S.C. § 1167(2).

- 4 -

COMPLAINT FOR DAMAGES; DECLARATORY RELIEF; JURY TRIAL DEMAND
Barakonski v. Liberty Mutual, et. al.

16. Defendant NBC employed more than 25 employees at all times relevant to this complaint.

17. Defendant NBC was the "plan sponsor" of the Plan as that term is defined under Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

18. The Plan provides medical coverage, dental coverage, disability, and life insurance to NBC employees and their dependents; specifically disability. The Plan is an "employee benefit plan" as defined under Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

## ADMINSTRATIVE CONDITIONS PRECEDENT

19. Plaintiff re-alleges the facts, statements and matters set forth in the Complaint, and incorporates them by reference as though fully set forth herein.

20. Plaintiff has completed all administrative conditions precedent for the violations stated herein.

21. Alternatively, Plaintiff contends that to resort to such remedies is futile and exhaustion is not required.

## JURISDICTION

22. This is an action to recover benefits and to enforce and clarify her rights under her former employer, NBC's disability insurance policy (hereinafter "the Policy"). Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001, et seq., (ERISA). This Court has subject matter jurisdiction of this action under 29 U.S.C. Section 1132 and 28 U.S.C. Section 1331.

## INTRADISTRICT ASSIGNMENT

23. A substantial part of the events or omissions which give rise to Plaintiff's claims occurred in the County of Los Angeles, State of California.

## IDENTIFICATION OF PARTIES

24. Plaintiff is, and at all relevant times was, a covered beneficiary under a group disability insurance policy issued by Defendant NBC.

**COMPLAINT FOR DAMAGES; DECLARATORY RELIEF; JURY TRIAL DEMAND**
Barakonski v. Liberty Mutual, et. al.

25. GROUP DISABILITY PLAN FOR EMPLOYEES OF NBCUNIVERSAL (hereinafter "the Plan") is an employee welfare benefit plan under which Plaintiff was covered as an employee of Defendant NBC, and under which she is entitled to disability insurance benefits as a beneficiary of the Plan. The Plan is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. Sections 1002 and 1003, established by Plaintiff's employer, NBC.

26. Liberty is a designated "Plan Administrator" of the Plan, and is a plan fiduciary within the meaning of ERISA. Liberty is sued herein in its capacity as Plan Administrator.

27. Plaintiff is informed and believes, and on that basis alleges, that the Plan's assets consist solely of the Policy.

28. At all relevant times, Defendant Liberty administered the Plan, with respect to claims and payment of long-term disability insurance claims under the Policy. Liberty exercised discretionary authority and control over administration of the Plan and the administration, payment and final administrative review of Plaintiff's disability insurance claim, as alleged herein. Accordingly, Liberty is, and at all relevant times was, a fiduciary within the meaning of ERISA, with respect to the Plan.

**COMMON FACTUAL ALLEGATIONS**

29. Plaintiff began her employment with NBCUniversal on or about June 2010.

30. She was terminated by NBCUniversal while she was on disability, on or about July 31, 2013.

31. Plaintiff became disabled and unable to work in May 2012. Plaintiff was employed by NBC when she became disabled in May 2012. She promptly notified her employer and filed a claim for disability benefits with Liberty.

32. At all times material to this action, defendant NBC, through defendant Liberty Mutual, provided group disability insurance coverage to its

**COMPLAINT FOR DAMAGES; DECLARATORY RELIEF; JURY TRIAL DEMAND**
Barakonski v. Liberty Mutual, et. al.

employees.

33. The disability coverage defendant NBC provided to its employees was issued as part of an employee welfare benefit plan (hereinafter referred to as "NBCUniversal Disability Plan") within the meaning of 29 U.S.C. §§1002(1) and (3).

34. Plaintiff was issued a disability policy under the NBCUniversal Disability Plan. Attached as **Exhibit 1** is a copy of the NBCUniversal Disability Plan Summary Plan Description (hereinafter "SPD").

35. Plaintiff was not provided with a copy of the NBC benefits disability plan group Master Policy.

36. At all times material to this action, Plaintiff was a participant of the NBCUniversal Disability Plan with the meaning of 29 U.S.C. §1002(7).

### PLAINTIFF'S DISABILITY

37. In May 2012, Plaintiff began having medical problems. Those problems left Plaintiff in a condition such that she was unable to report to work. As a result of these medical problems, Plaintiff qualified for Total Disability benefits under the terms of the NBCUniversal Disability Plan.

38. According to the terms and conditions of the Plan, Plaintiff became entitled to and was granted Short Term Disability benefits because she met the Plan's definition of disability during the requisite time period. Per the Plan, "disability is defined as the inability to perform your own job."

39. After satisfying the prerequisites described in the NBCUniversal Disability Plan, Plaintiff began receiving short term disability benefits based on her May 18, 2012 application filing date.

40. Beginning November 16, 2012, Plaintiff's short term disability period ended and she was granted long term disability benefits pursuant to the Plan.

///

- 7 -

COMPLAINT FOR DAMAGES; DECLARATORY RELIEF; JURY TRIAL DEMAND
Barakonski v. Liberty Mutual, et. al.

## TERMINATION OF PLAINTIFF'S BENEFITS

41. Despite Plaintiff's entitlement to disability benefits under the terms of the NBCUniversal Disability Plan, Liberty improperly terminated Plaintiff's benefits in contravention of both the Plan and Plaintiff's rights under ERISA.

42. Plaintiff has met all conditions precedent to bringing this action, and, in particular, has exhausted all administrative remedies.

## CLAIM FOR RELIEF

**To Recover Benefits, Attorneys' Fees and Pre-Judgment and Post-Judgment Interest Under ERISA plan – 29 U.S.C. Sections 1132(a)(1)(B), (g)(1)**

(Plaintiff against Liberty Mutual and Does 1 through10)

43. Plaintiff re-alleges the facts, statements and matters set forth in the Complaint, and incorporates them by reference as though fully set forth herein.

44. This is a claim to recover benefits and enforce rights. Pursuant to 20 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to bring a civil action to recover benefits due her under the terms of a plan, to enforce her rights under the plan and/or to clarify her rights to future benefits under the terms of a plan. (ERISA section 502(a)(1)(B).)

45. On or about May 18, 2012 Plaintiff became totally disabled, within the meaning of the terms of the Plan, and applied for disability insurance benefits. Liberty approved Plaintiff's disability claim.

46. NBCUniversal's Long Term Disability Policy requires that to receive benefits beyond 12 months, or November 16, 2013, Plaintiff must meet the following definition of disability:

"Disability" or "Disabled" means:

That during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and thereafter, the Covered Person is unable to perform, with reasonable continuity, the

Material and Substantial Duties of Any Occupation.

47. The policy provides benefits at 70% of Plaintiff's monthly pre-disability income.

48. In correspondence dated April 9, 2014, Liberty Mutual notified Plaintiff that it refuses to pay Long Term Disability benefits beyond April 15, 2014.

49. Pursuant to the Plan, "the LTD benefit qualifying period, or waiting period, is the length of time you must be continuously disabled and under the regular and appropriate care of a physician before LTD benefits become payable. This period begins on the day you become disabled and ends on the later of: The exhaustion of benefits under salary continuation or STD benefit, the exhaustion of accumulated sick leave, or 180 days of continuous disability." (See Exhibit 1, page 25, LTD Benefit Qualifying Period.)

50. Plaintiff's timely appeal of the denial was acknowledged in Defendant's correspondence dated October 8, 2014. During the appeal process, Plaintiff continued to provide Defendant with relevant information, including treatment information from medical providers.

51. In a letter dated December 10, 2014, Liberty Mutual rejected the Plaintiff's appeal and upheld its denial of benefits.

52. Liberty Mutual's decision to credit its non-treating consultative doctors over the claimant's treating physicians did not result in a balanced determination. Liberty Mutual's non-examining physician and its insurance examiner disagree with all of the treatment professionals who have been and are actively involved in providing care for Plaintiff. Through selective use of information from the treatment providers, Liberty Mutual failed to take into account all comments, documents, records, and other information submitted by the claimant relating to the claim.

53. The consultative examination conducted by Liberty Mutual was

**COMPLAINT FOR DAMAGES; DECLARATORY RELIEF; JURY TRIAL DEMAND**
Barakonski v. Liberty Mutual, et. al.

flawed.

54. A vocational assessment is internally inconsistent and further fails to take into account the effect of attendance on the ability to perform in a competitive workplace.

55. Plaintiff has fulfilled every condition and has duly performed each and every obligation that she was required to perform under the terms of the Plan. Plaintiff is, and at all relevant times has been, entitled to payment of disability benefits under the terms and conditions of the Plan.

56. Defendants failed to provide a full and fair review for Plaintiff's appeal of her adverse benefit decision as required by 29 C.F.R. 2560.503-1(h)(3)(ii) and (h)(4). The requirement is for a review that does not afford deference to the initial benefit determination, and that the appeal be conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse decision nor the subordinate of such individual.

57. Defendants have breached their duty to Plaintiff by failing to fulfill their obligations under the Plan and under the applicable provisions of ERISA, including and not limited to, the obligation to pay disability benefits under the Plan, by unreasonably and wrongfully failing to conduct a proper investigation and review prior to denying payment of Plaintiff's benefits, by failing to conduct a full and fair review of Plaintiff's claim, and the denial of her benefits as required by ERISA, and as further alleged herein.

58. As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer losses compensable under ERISA, including and not limited to, loss of her disability benefits, interest on those benefits, and attorneys' fees and expenses.

59. Plaintiff is further damaged because the denial of Long Term Disability benefits affected her ability to obtain medical coverage for treatment of her condition.

## JURY TRIAL

Plaintiff demands a jury trial on all violations for which such a demand would be applicable.

**WHEREFORE**, Plaintiff prays for judgment as follows:

    a.    For declaratory relief that she is entitled to benefits due under the Plan;

    b.    For a declaration regarding Plaintiff's rights to future benefits under the Plan;

    c.    For pre-judgment and post-judgment interest;

    d.    For attorneys' fees, costs and expenses; and

    e.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF OLIVIA SANDERS

Dated: July 9, 2015    By: *Olivia Sanders*

Olivia Sanders
Attorney for Plaintiff, Arlene Barakonski

- 11 -

**COMPLAINT FOR DAMAGES; DECLARATORY RELIEF; JURY TRIAL DEMAND**
Barakonski v. Liberty Mutual, et. al.

# INDEX TO EXHIBITS
# FOR PLAINTIFF'S
# COMPLAINT

**TAB**                                                                                   **PAGES**

1    NBCUniversal Summary Plan Description …………………….. 14 to 32

**COMPLAINT FOR DAMAGES; DECLARATORY RELIEF; JURY TRIAL DEMAND**
Barakonski v. Liberty Mutual, et. al.